SHEEHEE (McGILL v.). See Case No. 8,-796.

## Case No. 12,739.

### SHEEHEE v. RESLER.

[1 Cranch, C. C. 42.] [1]

Circuit Court, District of Columbia. Oct. Term, 1801. [2]

MALICIOUS PROSECUTION — GENERAL ISSUE — PROBABLE CAUSE.

In an action on the case for a malicious prosecution, the defendant may, upon the general issue, show probable cause for the prosecution.

Case, for a malicious prosecution. To set aside an office judgment at the third term after it was rendered, the defendant pleaded a special justification which went to show probable cause for the prosecution.

The counsel for the plaintiff objected to the receiving the plea, and cited Bull. N. P. 14; Sutton v. Johnstone, 1 Term R. 493; Cox v. Wirrall, Cro. Jac. 193; Downman v. Downman, 1 Wash. [Va.] 29; Farmer v. Darling, 4 Burrows, 1971.

CRANCH, Circuit Judge. As the gist of the action is malice and the want of probable cause, the plaintiff must show the want of such cause; which will admit the defendant to give in evidence on the general issue the same facts which he has pleaded specially. Consequently, it is not necessary to the merits of the case that they should be specially pleaded. And the defendant having suffered an office judgment to go against him, and this not being a plea to issue, he cannot claim it as a matter of right.

MARSHALL, Circuit Judge, of the same opinion.

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Affirmed in 1 Cranch (5 U. S.) 110.]

KILTY, Chief Judge. Although it is necessary for the plaintiff to give evidence of a want of probable cause, yet that would perhaps only admit the defendant to give evidence as to the same facts which were disclosed by the plaintiff, and might not authorize him to give evidence of other facts within his own knowledge, and which might not be known to the plaintiff. This is a plea tending to an issue, and I think the defendant is in time to plead it.

A bill of exceptions was taken. See this case in the supreme court of the United States (1 Cranch [5 U. S.] 110), where the judgment was affirmed.

## Case No. 12,740.

### SHEEHY v. MANDEVILLE.

[2 Cranch, C. C. 15.] [1]

Circuit Court, District of Columbia. Nov. Term, 1810.

PLEADING—GENERAL ISSUE—WHEN MAY BE PLEADED—MANDATE OF SUPREME COURT.

The court may, in its discretion, allow the general issue to be pleaded after judgment upon demurrer has been awarded by the supreme court of the United States, and a mandate to this court to enter the judgment and award a writ of inquiry.

The plaintiff being about to execute his writ of inquiry. Mr. C. Lee, for the defendant, moved for leave to plead the general issue.

Mr. E. J. Lee and Mr. Jones, for plaintiff, contra. The mandate from the supreme court (see 6 Cranch [10 U. S.] 253) is peremptory to render judgment for the plaintiff on the first count, and to award a writ of inquiry. But if it be within the discretion of the court, they will not permit the defendant now to amend his pleadings, as the plaintiff's principal witness is dead.

Mr. Youngs, for defendant, cited 3 Bl. Comm. 407; 1 Com. Dig. 467; 2 Strange, 787; 5 Term R. 112, 118; 7 Term R. 132, 133; [Rapp v. Elliot] 2 Dall. [2 U. S.] 184; 1 Wash. 318.

THE COURT refused to permit the defendant now to plead the general issue; because he might have availed himself of the special matter, which he has already pleaded, upon the general issue; and because the plaintiff's witness has died since the former judgment.

THE COURT said, however, that they had little doubt as to their power to allow the plea; but it was a matter of discretion.

The residue of this case as it appeared upon the writ of inquiry is reported in 7 Cranch [11 U. S.] 208.

SHEEHY (MAY v.). See Case No. 9,335.

[1] [Reported by Hon. William Cranch, Chief Judge.]